**HCDistrictclerk.com**     SANTAMARIA, ANDRES vs. ALLSTATE TEXAS          12/20/2016
                            LLOYD'S INC
                            Cause: 201661468     CDI: 7     Court: 080

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**NOTICES**

No Notices found.

**SUMMARY**

CASE DETAILS                                    COURT DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 9/13/2016 | **Court** | 080th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686100 |
| **Case (Cause) Status** | Ready Docket | | |
| **Case (Cause) Type** | Insurance | **JudgeName** | LARRY WEIMAN |
| **Next/Last Setting Date** | 7/10/2017 | **Court Type** | Civil |
| **Jury Fee Paid Date** | 12/19/2016 | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| SANTAMARIA, ANDRES | PLAINTIFF - CIVIL | | WILLIAMSON, JIMMY |
| 4310 YOAKUM BLVD., HOUSTON, TX 77006 | | | |
| ALLSTATE TEXAS LLOYD'S INC | DEFENDANT - CIVIL | | SIMON, JAY S. |
| ALLSTATE TEXAS LLOYD'S INC BY SERVING THROUGH ITS REGISTERED AGENT | REGISTERED AGENT | | |
| 1999 BRYAN ST STE 900, DALLAS, TX 75201 | | | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | |

**INACTIVE PARTIES**

# EXHIBIT B

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 12/19/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/19/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY S. | ALLSTATE TEXAS LLOYD'S INC |
| 12/19/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/9/2016 | AMENDED ORIGINAL PETITION | | | 0 | | WILLIAMSON, JIMMY | SANTAMARIA, ANDRES |
| 12/5/2016 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 12/5/2016 | | 2 | | | |
| 12/2/2016 | DESIGNATED TRIAL READY | | | 0 | | | |
| 10/14/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY S. | ALLSTATE TEXAS LLOYD'S INC |
| 9/13/2016 | ORIGINAL PETITION | | | 0 | | WILLIAMSON, JIMMY | SANTAMARIA, ANDRES |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-------|-----------|-------------|--------|---------|----------|------------------|
| 7/10/2017 09:00 AM | 080 | | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYD'S INC BY SERVING THROUGH ITS REGISTERED AGENT | 9/13/2016 | | 9/13/2016 | 9/20/2016 | 9/22/2016 | 73287311 | CIV AGCY-CIVILIAN SERVICE AGENCY |

1999 BRYAN ST STE 900 DALLAS TX 75201

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 73150941 | Defendant's Original Answer | | 12/19/2016 | 2 |
| 73032820 | Plaintiff's Amended Petition | | 12/09/2016 | 26 |
| 73000505 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 12/05/2016 | 2 |
| 72330519 | Defendant Allstate Texas Lloyd's, Inc.'s Verified Original Answer | | 10/14/2016 | 4 |
| 72002469 | Return of Service | | 09/22/2016 | 1 |
| 71871809 | Plaintiff's Original Petition | | 09/13/2016 | 9 |
| -> 71871811 | Civil Process Request | | 09/13/2016 | 2 |
| -> 71871810 | Plaintiffs First Set of Interrogatories, Requests for Production and Requests for Admissions | | 09/13/2016 | 17 |
| 71929885 | Civil Process Pick-Up Form | | 09/13/2016 | 1 |

9/13/2016 12:07:54 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12608676
By: Nelson Cuero
Filed: 9/13/2016 12:07:54 PM

# 2016-61468 / Court: 080

Cause No. _____

| | | |
|---|---|---|
| **ANDRES SANTAMARIA** | § | **IN DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ALL STATE TEXAS LLOYD'S, INC.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| *Defendant* | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONOROABLE JUDGE OF SAID COURT:

Andres Santamaria ("Plaintiff") files this Original Petition against Defendant Allstate Texas Lloyd's, Inc. ("Allstate") ("Defendant") and, in support of his causes of actions, would respectfully show the Court the following:

## I.
## THE PARTIES

1.     Plaintiff is a Texas resident who resides in Harris County, Texas.

2.     Defendant Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## II.
## DISCOVERY

3.     This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, makes frivolous and unwarranted objections, files needless motions, quashes depositions and discovery requests without a reasonable basis, asserts unjustified or false affirmative defenses, makes unwarranted special exceptions, hires individuals they claim to be "experts" who give false opinions or testimony, produces witnesses who commit perjury, conducts excessive discovery, or otherwise needlessly delays litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      This Court has jurisdiction over Defendant Allstate because Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

7.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

8.      Plaintiff owned certain real property with improvements and personal property located at 10110 Kielder Pointe Drive, Spring, Texas 77379 (the "Property").

9.      Plaintiff is a named insured under a property insurance policy #829 061 967 (the

"Policy") issued by Defendant Allstate.

      10.    On or about April 19, 2015, a storm hit the Spring, Texas area, damaging Plaintiff's Property. Plaintiff subsequently filed a claim on his insurance policy (the "Claim").

      11.    Defendant improperly denied and/or underpaid the claim.

      12.    Defendant assigned its adjuster on the claim.

      13.    On September 28, 2015, the adjuster conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

      14.    The adjuster's unreasonable investigation led to the underpayment of Plaintiff's claim.

      15.    Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

      16.    Subsequently, Plaintiff was forced to hire a Public Adjuster.

      17.    Plaintiff's Public Adjuster's report showed damages to the property and damage amounts significantly over those found by Allstate's adjuster.

      18.    Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the claim, compelling Plaintiff to file a lawsuit.

## VI.
## CAUSE OF ACTIONS

19.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

20.     Defendant Allstate had a contract of insurance (i.e. Policy) with Plaintiff. Defendant Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

21.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Allstate. Defendant Allstate breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant Allstate breach proximately caused Plaintiff's injuries and damages. These damages are all a result of Defendant's failure to pay what was owed. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**B.  Prompt Payment of Claims Statute**

22.     The failure of Defendant Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

23.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.  Bad Faith and Unfair Settlement Practices**

24.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

25.     Defendant violated § 541.051 of the Texas Insurance Code by:

    (a)     making statements misrepresenting the terms and/or benefits of the policy.

26.     Defendant violated § 541.060 by

    a)     misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

    b)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.    Defendant violated § 541.061 by:

    a)  making an untrue statement of material fact;

    b)  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    c)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d)  making a material misstatement of law; and

    e)  failing to disclose a matter required by law to be disclosed.

28.    Each of the foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages. Defendant had actual knowledge of the facts yet, in spite of that knowledge, consciously made the decisions outlined above. The injuries are the actual damages outline above, as well as loss of use, loss of time, the engagement of a public adjuster, and other expenses as well as other consequential damages.

**D. Breach of the Duty of Good Faith and Fair Dealing/Bad Faith**

29.     Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on Plaintiff's claim when Defendant Allstate knew or should have known that liability was reasonably clear. Defendant Allstate's conduct proximately caused Plaintiff's injuries and damages. Defendant Allstate has withheld payment of the amounts owed above. Defendant Allstate was grossly negligent and/or intentional in its breach, thus giving rise to punitive damages. The liability of Defendant Allstate was reasonably clear, yet it failed to reasonably settle the Plaintiff's claim. This bad faith caused damages independent of the original damage caused by the occurrence. These include loss of use, public adjuster fees, loss of time, and other consequential damages.

**E. Attorneys' Fees**

30.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

32.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

### VII.
### NO FEDERAL JURISDICTION

33.     There is no federal jurisdiction in this case. There is no federal question and no diversity as defendant is a Texas resident. The cause of action against the Texas resident is a valid cause of action under the Texas Insurance Code and decisions of the Texas Supreme Court. Although

other defendants have attempted to remove in similar circumstances, federal judges have repeatedly remanded the cases. The Texas Supreme Court, the Fifth Circuit, and numerous U.S. district courts[1] have recognized that adjusters can be liable under the Texas Insurance Code. *See Liberty Mutual Ins. Co. v. Garrison Contractor, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gash v. Hartford*, 491 F.3d 278, 282 (5th Cir. 2007) (interpreting Texas law).

34. Removal of this case would be in blatant disregard for established case law which would entitle to their attorneys' fee for contest for removal.

---

[1] *See, e.g., Grace Tabernacle v. State Farm* use No. 1:02-CV-331, Memorandum Opinion and Order of Remand, pp. 2-3 (E.D. Tex.) ("[w]hen confronted with the viability of an Article 21.21 [now codified as Chapter 541] claim against persons in their individual capacity, the Texas Supreme Court squarely held that 'Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"); *Albair v. Allstate Texas Lloyds, et al.*, Civil Action No. 1 :03CV91, Memorandum and Order (E.D. Tex. April 16, 2003) (remanding the case in finding nothing in the record indicating that the plaintiffs, after a period of discovery, would not be able to establish their claims as alleged against either adjuster defendant); *Magnes v. State Farm, et al.*, Civil Action No. 1:02-CV-270 (E.D. Tex.), Report and Recommendation of the United States Magistrate Judge; *Linda Duvall v. Allstate Insurance Company, et al.*, Civil Action No. H-03-5312 (S.D. Tex.) (holding that the insurer's adjuster had "engaged in the business of insurance"); *Fern Francis-Jackson v. Liberty Mutual Fire Ins. Co.*. No. H- 10-976 at * 8 (S.D. Tex. June 1, 2010) [citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)] (Judge Hittner remanded the case back to state court after concluding that "the Court does not have subject matter jurisdiction to hear this case, and it was therefore improvidently removed." *Id.* at *9); *CD Mgmt. Corp. d/b/a US Supermarket v. Nationwide Prop. & Gas. Ins. Co.*, No. H-09-1701, at *9 (S.D. Tex. July 28, 2009) (Judge Lee Rosenthal held that independent adjusters can be held liable under Texas Insurance Code § 541.060(a). Judge Rosenthal further noted that "[e]ven before *Gash* some courts held that an independent adjuster could be liable under the Texas Insurance Code." *Id.* at *8 n. 1 (citing *McNeel v. Kemper Cas. Ins. Co.*, No. Civ. A. 3:04-CV-0734, 2004 WL 1635757, at *2-3 (N.D. Tex. July 21, 2004)); *Kimberly Trimmer-Davis v. State Farm Lloyds of Tex. Ins. Co .*, *et al.*, No. H-09-2260, at *7 (S.D. Tex. Sept. 29, 2009) (Hoyt, J. held that "Texas law clearly authorizes suits against insurance adjusters in their individual capacities."); *Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 846-848 (S.D. Tex. 2001) ("[T]his court cannot hold that there is no reasonable possibility that Plaintiffs could establish a claim against [the adjuster] in state court .... "); *Tenner v. Prudential ins. Co. of Am.*, 872 F. Supp. 1571, 1574 (E.D. Tex. 1994) (holding that the insured could maintain an action under the DTPA and Texas Insurance Code against the insurance agent in her individual capacity).

## VIII.
## CONDITION PRECEDENT

35.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by the Defendant.

## IX.
## JURY DEMAND

36.     Plaintiff requests a jury trial.

## X.
## DISCOVERY REQUEST

37.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after services of this request, the information or material described in Rule 194.2(a) – (1).

38.     You are also requested to respond to the attached interrogatories, requests for production and requests for admission within fifty (50) days, in accordance with the instructions stated therein.

## XI.
## PRAYER

WHEREFORE, PREMISES, CONSIDERED, Andres Santamaria prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Santamaria be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Santamaria may show himself to be justly entitled.

Respectfully submitted,

WILLIAMSON, SEARS & RUSNAK. LLP

*/s/ Jimmy Williamson*
Jimmy Williamson
Texas Bar No. 21624100
Jesus Chapa
Texas Bar No. 24075891
Billy Dills
Texas Bar No. 24067421
4310 Yoakum Blvd.
Houston, Texas  77006
Telephone (713) 223-3330
Facsimile   (713) 223-0001
jimmy@wsrlawfirm.com
jesus@wsrlawfirm.com
billy@ wsrlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

10/14/2016 5:47:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13258901
By: ALEX CASARES
Filed: 10/14/2016 5:47:30 PM

CAUSE NO. 2016-61468

| | | |
|---|---|---|
| ANDRES SANTAMARIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC., | § | |
| | § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE TEXAS LLOYD'S, INC.'S
## VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's, Inc. ("Defendant"), and files this, its Verified Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## VERIFIED DENIAL

Plaintiff's Original Petition refers to Allstate Texas Lloyd's, Inc. The company which issued the insurance policy-at-issue is Allstate Vehicle and Property Insurance Company.

## III.
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's, Inc. prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

_/s/Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S, INC.**

## VERIFICATION

STATE OF TEXAS       §
                                     §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned notary public, on this day personally appeared Jay Scott Simon, as counsel for Allstate Texas Lloyd's, Inc., who, being by me first duly sworn, did on his oath depose and say that he has read Defendant Allstate Texas Lloyd's, Inc.'s Verified Original Answer and that the statements contained within the Verified Denial are, based upon information and belief, true and correct.

_____
Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME by Jay Scott Simon on this the 14th day of October, 2016, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas



VERONICA PIZZITOLA
Notary ID 1016071-9
My Commission Expires
September 14, 2017

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 14, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Jimmy Williamson
Jesus Chapa
Billy Dills
WILLIAMSON, SEARS & RUSNAK, LLP
4310 Yoakum Blvd.
Houston, Texas 77006
Email: jimmy@wsrlawfirm.com
jesus@wsrlawfirm.com
billy@wsrlawfirm.com

_/s/Jay Scott Simon_
Jay Scott Simon

12/9/2016 2:06:09 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14206118
By: ALEX CASARES
Filed: 12/9/2016 2:06:09 PM

## Cause No. 2016 – 61468

| | | |
|---|---|---|
| **ANDRES SANTAMARIA** | § | **IN DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | **HARRIS COUNTY, TEXAS** |
| **INSURANCE COMPANY** | § | |
| | § | |
| *Defendant* | § | **80TH JUDICIAL DISTRICT** |

### PLAINTIFF'S AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Andres Santamaria ("Plaintiff") files this Amended Petition against Defendant Allstate

Vehicle and Property Insurance Company ("Allstate") ("Defendant") and, in support of his causes

of actions, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Plaintiff is a Texas resident who resides in Harris County, Texas.

2. Defendant Allstate is an insurance company doing business in the State of Texas

which may be served through its attorney for service, C T Corporation System, 1999 Bryan St. Ste.

900, Dallas, Texas 75201 – 3136.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, makes frivolous and unwarranted objections, files needless motions, quashes depositions and discovery requests without a reasonable basis, asserts unjustified or false affirmative defenses, makes unwarranted special exceptions, hires individuals they claim to be "experts" who give false opinions or testimony, produces witnesses who commit perjury, conducts excessive discovery, or otherwise needlessly delays litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      This Court has jurisdiction over Defendant Allstate because Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

7.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

8.      Plaintiff owned certain real property with improvements and personal property located at 10110 Kielder Pointe Drive, Spring, Texas 77379 (the "Property").

9.      Plaintiff is a named insured under a property insurance policy #829 061 967 (the

"Policy") issued by Defendant Allstate.

10.    On or about April 19, 2015, a storm hit the Spring, Texas area, damaging Plaintiff's Property. Plaintiff subsequently filed a claim on his insurance policy (the "Claim").

11.    Defendant improperly denied and/or underpaid the claim.

12.    Defendant assigned its adjuster on the claim.

13.    On September 28, 2015, the adjuster conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

14.    The adjuster's unreasonable investigation led to the underpayment of Plaintiff's claim.

15.    Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

16.    Subsequently, Plaintiff was forced to hire a Public Adjuster.

17.    Plaintiff's Public Adjuster's report showed damages to the property and damage amounts significantly over those found by Allstate's adjuster.

18.    Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the claim, compelling Plaintiff to file a lawsuit.

## VI.
## CAUSE OF ACTIONS

19.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

20.     Defendant Allstate had a contract of insurance (i.e. Policy) with Plaintiff. Defendant Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

21.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Allstate. Defendant Allstate breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant Allstate breach proximately caused Plaintiff's injuries and damages. These damages are all a result of Defendant's failure to pay what was owed. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**B.  Prompt Payment of Claims Statute**

22.     The failure of Defendant Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

23.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.  Bad Faith and Unfair Settlement Practices**

24.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

25.     Defendant violated § 541.051 of the Texas Insurance Code by:

    (a)    making statements misrepresenting the terms and/or benefits of the policy.

26.     Defendant violated § 541.060 by

    a)      misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

    b)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.    Defendant violated § 541.061 by:

    a)  making an untrue statement of material fact;

    b)  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    c)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d)  making a material misstatement of law; and

    e)  failing to disclose a matter required by law to be disclosed.

28.    Each of the foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages. Defendant had actual knowledge of the facts yet, in spite of that knowledge, consciously made the decisions outlined above. The injuries are the actual damages outline above, as well as loss of use, loss of time, the engagement of a public adjuster, and other expenses as well as other consequential damages.

**D. Breach of the Duty of Good Faith and Fair Dealing/Bad Faith**

29.    Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on Plaintiff's claim when Defendant Allstate knew or should have known that liability was reasonably clear. Defendant Allstate's conduct proximately caused Plaintiff's injuries and damages. Defendant Allstate has withheld payment of the amounts owed above. Defendant Allstate was grossly negligent and/or intentional in its breach, thus giving rise to punitive damages. The liability of Defendant Allstate was reasonably clear, yet it failed to reasonably settle the Plaintiff's claim. This bad faith caused damages independent of the original damage caused by the occurrence. These include loss of use, public adjuster fees, loss of time, and other consequential damages.

**E. Attorneys' Fees**

30.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

32.    Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## NO FEDERAL JURISDICTION

33.    There is no federal jurisdiction in this case. There is no federal question and no diversity as defendant is a Texas resident. The cause of action against the Texas resident is a valid cause of action under the Texas Insurance Code and decisions of the Texas Supreme Court. Although

other defendants have attempted to remove in similar circumstances, federal judges have repeatedly remanded the cases. The Texas Supreme Court, the Fifth Circuit, and numerous U.S. district courts[1] have recognized that adjusters can be liable under the Texas Insurance Code. *See Liberty Mutual Ins. Co. v. Garrison Contractor, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gash v. Hartford*, 491 F.3d 278, 282 (5ᵗʰ Cir. 2007) (interpreting Texas law).

      34.    Removal of this case would be in blatant disregard for established case law which would entitle to their attorneys' fee for contest for removal.

---

[1] *See, e.g., Grace Tabernacle v. State Farm* use No. 1:02-CV-331, Memorandum Opinion and Order of Remand, pp. 2-3 (E.D. Tex.) ("[w]hen confronted with the viability of an Article 21.21 [now codified as Chapter 541] claim against persons in their individual capacity, the Texas Supreme Court squarely held that 'Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"); *Albair v. Allstate Texas Lloyds, et al.*, Civil Action No. 1 :03CV91, Memorandum and Order (E.D. Tex. April 16, 2003) (remanding the case in finding nothing in the record indicating that the plaintiffs, after a period of discovery, would not be able to establish their claims as alleged against either adjuster defendant); *Magnes v. State Farm, et al.,* Civil Action No. 1:02-CV-270 (E.D. Tex.), Report and Recommendation of the United States Magistrate Judge; *Linda Duvall v. Allstate Insurance Company, et al.,* Civil Action No. H-03-5312 (S.D. Tex.) (holding that the insurer's adjuster had "engaged in the business of insurance"); *Fern Francis-Jackson v. Liberty Mutual Fire Ins. Co.,* No. H- 10-976 at * 8 (S.D. Tex. June 1, 2010) [citing *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003)] (Judge Hittner remanded the case back to state court after concluding that "the Court does not have subject matter jurisdiction to hear this case, and it was therefore improvidently removed." *Id.* at *9); *CD Mgmt. Corp. d/b/a US Supermarket v. Nationwide Prop. &* Gas. Ins. *Co.,* No. H-09-1701, at *9 (S.D. Tex. July 28, 2009) (Judge Lee Rosenthal held that independent adjusters can be held liable under Texas Insurance Code § 541.060(a). Judge Rosenthal further noted that "[e]ven before *Gash* some courts held that an independent adjuster could be liable under the Texas Insurance Code." *Id.* at *8 n. 1 (citing *McNeel v. Kemper Cas. Ins. Co.,* No. Civ. A. 3:04-CV-0734, 2004 WL 1635757, at *2-3 (N.D. Tex. July 21, 2004)); *Kimberly Trimmer-Davis v. State Farm Lloyds of Tex. Ins. Co ., et al.,* No. H-09-2260, at *7 (S.D. Tex. Sept. 29, 2009) (Hoyt, J. held that "Texas law clearly authorizes suits against insurance adjusters in their individual capacities."); *Blanchard v. State Farm Lloyds,* 206 F. Supp.2d 840, 846-848 (S.D. Tex. 2001) ("[T]his court cannot hold that there is no reasonable possibility that Plaintiffs could establish a claim against [the adjuster] in state court .... "); *Tenner v. Prudential ins. Co. of Am.,* 872 F. Supp. 1571, 1574 (E.D. Tex. 1994) (holding that the insured could maintain an action under the DTPA and Texas Insurance Code against the insurance agent in her individual capacity).

## VIII.
## CONDITION PRECEDENT

35.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by the Defendant.

## IX.
## JURY DEMAND

36.     Plaintiff requests a jury trial.

## X.
## DISCOVERY REQUEST

37.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after services of this request, the information or material described in Rule 194.2(a) – (1).

38.     You are also requested to respond to the attached interrogatories, requests for production and requests for admission within fifty (50) days, in accordance with the instructions stated therein.

## XI.
## PRAYER

WHEREFORE, PREMISES, CONSIDERED, Andres Santamaria prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Santamaria be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Santamaria may show himself to be justly entitled.

Respectfully submitted,

WILLIAMSON, SEARS & RUSNAK, LLP

*/s/ Jimmy Williamson*
Jimmy Williamson
Texas Bar No. 21624100
Jesus Chapa
Texas Bar No. 24075891
Billy Dills
Texas Bar No. 24067421
4310 Yoakum Blvd.
Houston, Texas  77006
Telephone (713) 223-3330
Facsimile   (713) 223-0001
jimmy@wsrlawfirm.com
jesus@wsrlawfirm.com
billy@ wsrlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

12/19/2016 11:50:43 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14353005
By: Shanelle Taylor
Filed: 12/19/2016 11:50:43 AM

CAUSE NO. 2016-61468

| | | |
|---|---|---|
| ANDRES SANTAMARIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | 80TH JUDICIAL DISTRICT |
| Defendants. | | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this, its Original Answer to Plaintiff's Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

2615585v1
03646.647

**III.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/Jay Scott Simon*
    Jay Scott Simon
    State Bar No. 24008040
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on December 19, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Jimmy Williamson
Jesus Chapa
Billy Dills
WILLIAMSON, SEARS &RUSNAK, LLP
4310 Yoakum Blvd.
Houston, TX 77006
Email: jimmy@wsrlawfirm.com
       jesus@wsrlawfirm.com
       billy@wsrlawfirm.com

    */s/Jay Scott Simon*
    Jay Scott Simon